IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED SOLTAN,

    Plaintiff,

v.

HAZEM ABDEL AZIS EL BEBLAWI,

    Defendant.

Civil Action No.: 20-cv-01437 (CKK)

**DEFENDANT HAZEM ABDEL AZIZ EL BEBLAWI'S
MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and for good cause shown, Defendant Hazem Abdel Aziz El Beblawi ("Defendant" or "Mr. Beblawi") respectfully moves the Court for a 60-day extension of time in which to respond to the Complaint filed by Plaintiff Mohamed Soltan ("Plaintiff" or "Mr. Soltan").[1] Mr. Beblawi also asks that the Court adopt the proposed briefing schedule for Mr. Beblawi's forthcoming motion to dismiss.

This is Mr. Beblawi's first request for an extension. In response to a request for stipulation, counsel for Plaintiff indicated that he will not agree to an extension of any length, necessitating the present motion.

**RELEVANT BACKGROUND**

Mr. Beblawi is an Egyptian citizen who currently serves as an Executive Director with the International Monetary Fund ("IMF"), a position he has held since 2014. Compl. ¶ 10. Prior to joining the IMF, Mr. Beblawi served as the Prime Minister of Egypt from July 9, 2013 to

---

[1] This motion is made without prejudice to Mr. Beblawi's right to assert all available defenses to the Complaint, including but not limited to insufficient service of process, lack of personal jurisdiction, improper venue, and foreign official immunity.

March 1, 2014. Compl. ¶ 14. The Complaint alleges, primarily upon information and belief, that Mr. Beblawi, acting in conspiracy with five Un-Sued Defendants[2] and their respective subordinates, directed tortious acts harming Plaintiff. Based on these allegations, Plaintiff asserts two claims for damages under the Torture Victim Protection Act of 1991 ("TVPA"), 28 U.S.C. § 1350 note. Compl. ¶¶ 1, 146, 157.

According to an affidavit of service previously filed with this court, Plaintiff served Defendant with the Summons and Complaint on June 3, 2020. Dkt. 9. Mr. Beblawi's answer or other response to the Complaint would be due June 24, 2020, assuming effective service. *See* Fed. R. Civ. P. 12(a).

On June 16, 2020, Mr. Beblawi's recently-retained counsel attempted to contact counsel for Plaintiff to request the extension now at issue. Broas Decl. ¶ 4. Plaintiff's counsel was not available, however, until the following day. Broas Decl. ¶ 4.

On June 17, 2020 at 11:30 a.m. EST, counsel for Defendant spoke with Plaintiff's counsel and requested that Plaintiff agree to a 60-day extension of time. Broas Decl. ¶ 5. Referring to the June 16, 2020 Motion for Emergency Status Conference ("Emergency Motion") (Dkt. 12), Plaintiff's counsel stated that alleged events in Egypt were of great concern, and that he was not inclined to grant an extension unless such events were addressed. Broas Decl. ¶ 6.

Defendant's counsel conveyed that they represent Defendant (not the Egyptian government), and that counsel has no ability to control events abroad. Broas Decl. ¶ 6. Counsel

---

[2] The Un-Sued Defendants include "Abdel Fattah el-Sisi, the current Egyptian President and former Deputy Prime Minister for Security and Defense Minister; Abbas Kamel, el-Sisi's former Chief of Staff and current Director of The General Intelligence Service; Mohamed Ibrahim Mustafa, also known as Mohamed Ibrahim, the former Egyptian Minister of the Interior; Mahmoud Sayed Abdel Hamid Sha'rawi, the former Assistant Minister of Interior and Deputy Director of the National Security Agency and current Minister of Local Development; and, Tamer Al-Fergany, the former Attorney General of State Security Prosecution and current Head of the Anti-Corruption Authority." Comp. ¶ 2.

also pointed out that the Complaint raises serious jurisdictional and immunity issues that are inconsistent with Defendant participating in a status conference and that warrant a full briefing schedule sufficient to provide the Court with complete analyses. Broas Decl. ¶ 6. Counsel further conveyed that, absent Plaintiff's prompt stipulation, Mr. Beblawi would file an immediate motion for extension. Broas Decl. ¶ 6. Plaintiff's counsel agreed to confer with his client and to respond by close of business. Broas Decl. ¶ 7. Later that afternoon, counsel relayed that Plaintiff would not agree to provide an extension of any kind, necessitating the present motion. Broas Decl. ¶ 7, Ex. A.

## **ARGUMENT**

The requested extension is warranted for several reasons, each of which is sufficient on its own to establish good cause under Rule 6(b)(1). Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (acknowledging that "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts" and that Rule 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits") (citations omitted).

First, this lawsuit raises significant jurisdictional, foreign affairs and separation of powers issues. Mr. Beblawi holds a diplomatic G-1 Visa issued by the United States, and he intends to assert both official and diplomatic immunities in challenging jurisdiction. Additionally, the conduct that Plaintiff attributes to Mr. Beblawi, which forms the basis of Plaintiff's claims against him, was allegedly performed in Mr. Beblawi's official capacity as the Prime Minister of Egypt. Consultations with appropriate agencies within the Egyptian and the United States governments are thus required. Counsel will act promptly to arrange for such consultations.

However, under the best of circumstances, navigating bureaucratic agencies takes time, and Counsel anticipates some delays in light of the COVID-19 pandemic.

Second, foreign states are given 60 days to respond to a complaint in federal court under 28 U.S.C § 1608(d). Here, the Complaint is premised entirely on official actions allegedly undertaken by Mr. Beblawi, as well as other named and unnamed Egyptian officials, in their governmental capacities. Thus, granting the requested 60-day extension aligns the case schedule applicable to a former foreign-state official with pleading deadlines afforded to a foreign state.

Third, the requested extension promotes efficiency and judicial economy as it will provide adequate time for full and complete briefing of applicable law by both parties. Motions in cases against foreign officials are legally complex and require detailed submissions to the Court. In recognition of such complexity, this Court and others have granted requests for 60-day extensions in similarly situated lawsuits. *See, e.g., Lewis v. Mutond*, No. 16-1547 (D.D.C.) (ECF No. 12); *see also Ben-Haim v. Avraham*, No. 15-6669 (D.N.J.) (ECF No. 13).

Fourth, Mr. Beblawi was only recently able to retain counsel. Unfortunately, due to travel restrictions resulting from the COVID-19 pandemic, he has not yet had the opportunity to meet with counsel. He is 83 years old, and care has to be taken to ensure conference facilities are suitable for a man of his age. Courts in this district have recognized the need for extensions to allow parties adequate time to retain and confer with counsel. *See, e.g., Sherrod v. Breitbart*, 720 F.3d 932, 937 (D.C. Cir. 2013) (noting that court granted extension of time where defendant "had only recently obtained counsel"). Mr. Beblawi should be afforded adequate time, particularly given the challenges presented by the ongoing pandemic.

Fifth, Plaintiff will not be prejudiced by an extension. Counsel for Plaintiff has been representing him regarding the subject matter of this lawsuit since before Plaintiff left Egypt in

4

May 2015.³ An action against Mr. Beblawi—and a determination of his immunity to suit in United States courts—for the acts alleged in the Complaint, has not been urgently pursued by Plaintiff for many years. There is no basis to oppose a reasonable extension to respond to the recent Complaint regarding these historic matters.⁴

      For these reasons, Mr. Beblawi respectfully submits to this Court that good cause exists to grant his request and to extend the deadline for him to respond to Plaintiff's Complaint to August 21, 2020. Mr. Beblawi further requests that the Court adopt the briefing schedule set forth in the Proposed Order, pursuant to which Plaintiff's opposition to Defendant's anticipated motion to dismiss would be due on September 21, 2020, and Defendant's reply would be due on or before October 12, 2020.

---

³ *See Statement On The Release Of Mohamed Soltan* published by counsel for Plaintiff and available at http://www.lbkmlaw.com/media/event/101_Statement%20on%20the%20Release%20of%20Mohamed%20Soltan.pdf.

⁴ Counsel suspects Plaintiff will refer the Court to its Emergency Motion to argue prejudice. Plaintiff's allegations concerning Mr. Beblawi are inflammatory, conclusory and unsubstantiated. Importantly, and as acknowledged by Plaintiff's Complaint, Mr. Beblawi works for the IMF, not the Egyptian government. He has not, and simply cannot, control events happening abroad. Such events should not affect the case schedule.

Respectfully submitted,

Dated:  June 18, 2020

*/s/ Timothy M. Broas*

TIMOTHY M. BROAS (D.C. Bar #391145)
RACHEL A. BECK (D.C. Bar #1029929)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW Suite 700
Washington, DC  20004
Tel.: (202) 508-6000
Email: timothy.broas@bclplaw.com
           rachel.beck@bclplaw.com


ROBERT H. BUNZEL (*pro hac vice* application pending)
LOUISE ANN FERNANDEZ (*pro hac vice* application pending)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Corporation
One Embarcadero Center Suite 800
San Francisco, CA 94111
Tel: (415) 956-1900
Email: rbunzel@bzbm.com
           lfernandez@bzbm.com


*Attorneys for Hazem Abdel Azis El Beblawi*

**CERTIFICATE OF SERVICE**

It is hereby certified that on June 18, 2020, I caused the foregoing to be served upon all counsel of record by electronic delivery through the Court's ECF program.

                                               */s/ Timothy M. Broas*
                                               TIMOTHY M. BROAS