**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOHAMED SOLTAN,<br><br>    Plaintiff,<br><br>v.<br><br>HAZEM ABDEL AZIS EL BEBLAWI,<br><br>    Defendant. | Civil Action No.: 20-cv-01437 (CKK) |

**DEFENDANT HAZEM ABDEL AZIZ EL BEBLAWI'S OPPOSITION
TO PLAINTIFF'S MOTION FOR EMERGENCY STATUS CONFERENCE**

TIMOTHY M. BROAS (D.C. Bar #391145)
RACHEL A. BECK (D.C. Bar #1029929)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW Suite 700
Washington, DC  20004
Tel.: (202) 508-6000
Email: timothy.broas@bclplaw.com
        rachel.beck@bclplaw.com

ROBERT H. BUNZEL (admitted *pro hac vice*)
LOUISE ANN FERNANDEZ (admitted *pro hac vice*)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Corporation
One Embarcadero Center Suite 800
San Francisco, CA 94111
Tel: (415) 956-1900
Email: rbunzel@bzbm.com
        lfernandez@bzbm.com

*Attorneys for Hazem Abdel Azis El Beblawi*

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Boos v. Barry*,
    485 U.S. 312 (1988) .................................................................................................... 5

*Chambers v. NASCO, Inc.*,
    472 U.S. 511 (1985) .................................................................................................... 3

*Doan v. Barak*,
    932 F.3d 888 (9th Cir. 2019) ...................................................................................... 4

*Ex parte Republic of Peru*,
    318 U.S. 578 (1943) .................................................................................................... 4

*Lewis v. Mutond*,
    918 F.3d 142 (D.C. Cir. 2019) ............................................................................... 3, 4

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) .................................................................................................... 4

*NAACP, Jefferson Cty. Branch v. Brock*,
    619 F. Supp. 846 (D.D.C. 1985) ................................................................................ 3

*Republic of Mexico v. Hoffmann*,
    324 U.S. 30 (1945) ...................................................................................................... 4

*Samantar v. Yousuf*,
    560 U.S. 305 (2010) ............................................................................................ 3, 4, 5

*Spacil v. Crowe*,
    489 F.2d 614 (5th Cir. 1974) ...................................................................................... 4

*United States v. Denedo*,
    556 U.S. 904 (2009) .................................................................................................... 3

**Statute**

22 U.S.C. § 254d ................................................................................................................ 3

**Other Authorities**

*Eileen Denza, Diplomatic Law: Commentary on the Vienna Convention on Diplomatic Relatings*
    178 (4th ed. 2016) .................................................................................................................. 6

Vienna Convention on Diplomatic Relations, ,
    23 U.S.T. 3227 ................................................................................................................. 3, 6

In accordance with the Court's June 18, 2020 Order, Defendant Hazem Abdel Aziz El Beblawi ("Defendant" or "Mr. Beblawi") respectfully submits this Opposition to Plaintiff Mohamed Soltan's ("Plaintiff" or "Mr. Soltan") Motion for Emergency Status Conference.[1]

While styled as a request for an emergency status conference,[2] Plaintiff seeks: (i) "to ascertain any actions or communications on [Mr. Beblawi's] part that may be related to what has occurred in Egypt" (Dkt. 12-1 at 1), (ii) "to prevent Defendant Beblawi from taking future actions or communicating with persons in Egypt which will have the effect of subverting justice" (*id*.), and (iii) to require Mr. Beblawi to "come to a hearing and address whatever knowledge, communications or actions he has taken that could be related to the rights abuses that are ongoing in Egypt…." Dkt. 12-1 at 6.

The Court should summarily deny Plaintiff's motion on the grounds that it ignores significant issues concerning this Court's jurisdiction, diplomatic and foreign immunities, and the separation-of-powers doctrine as it relates to international affairs. Granting the motion would not only exceed the Court's jurisdiction, it would improperly compel disclosure of, and permit interference with, diplomatic communications in violation of the Vienna Convention on Diplomatic Relations ("VCDR"). Accordingly, the Court must deny Plaintiff's motion.

Mr. Beblawi is an Egyptian citizen and international public servant who currently serves as an Executive Director of the International Monetary Fund ("IMF"), responsible for votes cast by Bahrain, Egypt, Iraq, Jordan, Kuwait, Lebanon, Maldives, Oman, Qatar, United Arab

---

[1] This Opposition is made without prejudice to Mr. Beblawi's right to assert all available defenses to the Complaint, including but not limited to quashable service of process, lack of personal and subject matter jurisdiction, improper venue, and diplomatic and foreign official immunities.

[2] Plaintiff essentially concedes in his brief that he is seeking extraordinary Order to Show Cause relief. Dkt. 12-1 at 7, n.1.

Emirates, and Yemen.[3] In connection with his appointment in the United States for this work, Mr. Beblawi holds a G-1 Diplomatic Visa issued by the United States government. Broas Decl. ¶ 2, Ex. A.[4]

Mr. Beblawi previously served as the interim Prime Minister of Egypt from July 9, 2013 until March 1, 2014. Compl. ¶ 14. Plaintiff's lawsuit contends that during this time a number of current and former Egyptian officials, including Mr. Beblawi, committed tortious acts in their governmental capacities that caused Plaintiff harm.[5] Compl. ¶¶ 2, 14. As the Complaint is premised entirely on official acts by foreign officials, this case raises a number of legally complex questions concerning personal and subject matter jurisdiction, diplomatic and foreign official immunity, and the separation of powers doctrine in international relations.

Plaintiff ignores these issues. Through the present motion, he asks that the Court exercise jurisdiction it does not have to compel disclosure of diplomatic communications between Mr.

---

[3] *See* IMF Executive Directors and Voting Power, last visited June 21, 2020, and available at: https://www.imf.org/external/np/sec/memdir/eds.aspx .

[4] We anticipate based on Plaintiff's counsel's June 17, 2020 letter (Dkt. 13-1, Ex. A) that Plaintiff believes Mr. Beblawi will assert only immunity based on Mr. Beblawi's "senior position at the International Monetary Fund." The primary source of Mr. Beblawi's diplomatic immunity applicable to this case, however, is not from the IMF but rather from the United States as reflected in his G-1 Visa.

[5] Mr. Beblawi disputes the veracity of Plaintiff's allegations, which, as to Mr. Beblawi, are primarily asserted upon information and belief. *See, e.g.*, Comp. ¶¶ 36, 38, 41, 49, 54, 70, 85, 122 and 138. The Complaint specifically names as "Un-Sued Defendants" five other current or former Egyptian officials as follows: "Abdel Fattah el-Sisi, the current Egyptian President and former Deputy Prime Minister for Security and Defense Minister; Abbas Kamel, el-Sisi's former Chief of Staff and current Director of The General Intelligence Service; Mohamed Ibrahim Mustafa, also known as Mohamed Ibrahim, the former Egyptian Minister of the Interior; Mahmoud Sayed Abdel Hamid Sha'rawi, the former Assistant Minister of Interior and Deputy Director of the National Security Agency and current Minister of Local Development; and, Tamer Al-Fergany, the former Attorney General of State Security Prosecution and current Head of the Anti-Corruption Authority." Comp. ¶ 2.

Beblawi and the Egyptian government, and to prevent further correspondence.[6] *See* Dkt. 12-1 at 2, 6-7. The Court must deny this motion for several reasons.

First, as stated in his June 18, 2020 Motion for Extension ("Motion for Extension"), Mr. Beblawi intends to assert both diplomatic and foreign official immunity. Dkt. 13. Upon a showing of either, the Court must dismiss this lawsuit for lack of jurisdiction. *See* 22 U.S.C. § 254d ) ("Any action … against an individual who is entitled to immunity … under any other laws extending diplomatic privileges and immunities, shall be dismissed."); VCDR, Art. 31, 23 U.S.T. 3227 ("diplomatic agent shall enjoy immunity from [a receiving state's] civil and administrative jurisdiction"); *Samantar v. Yousuf*, 560 U.S. 305, 310-312, 324 (2010) (recognizing the continuing vitality of common-law foreign official immunity and acknowledging "specialized immunities" accorded to diplomats).[7]

---

[6] Tellingly, Plaintiff's motion does not address the jurisdictional issues. Instead, Plaintiff relies on cases where jurisdiction was not in question and argues that the Court may invoke its inherent authority or the All Writs Act to issue an order to show cause against Mr. Beblawi. *See* Dkt. 12-1 at 5, 7, n.1. Not so. The All Writs Act authorizes writs in aid of jurisdiction, it does not create jurisdiction. *See United States v. Denedo*, 556 U.S. 904, 914 (2009) ("The authority to issue a writ under the All Writs Act is not a font of jurisdiction"). Similarly, the Court's inherent authority cannot create jurisdiction over a person where none exists. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Federal courts have the inherent power to manage their own proceedings and to control the conduct of those *who appear before them*") (emphasis added); *see also NAACP, Jefferson Cty. Branch v. Brock*, 619 F. Supp. 846, 851–52 (D.D.C. 1985) (recognizing that the court must first determine jurisdiction before exercising its inherent authority). *Chambers* does not, as Plaintiff suggests, allow a court to ignore jurisdictional requirements by simply invoking its inherent authority. Moreover, even if the Court had authority to grant the relief sought, it should deny Plaintiff's motion for the reasons set forth herein. *See NAACP*, 619 F. Supp. 846, 852 (D.D.C. 1985) (denying application for order to show cause based on principles of comity and for practical considerations).

[7] Plaintiff will likely cite the D.C. Circuit's recent opinion in *Lewis v. Mutond*, 918 F.3d 142 (D.C. Cir. 2019) to argue that foreign official immunity is inapplicable. In *Mutond*, the Court of Appeals held that (1) a categorical exception to foreign-official immunity applies when officials are sued only in their personal capacities, and (2) the Torture Victim Protection Act implicitly abrogated conduct-based foreign official immunity. *Id.* The petition for writ of certiorari asking that the Supreme Court review and reverse the *Mutond* decision is calendared for consideration on June 24, 2020. Notably, the United States has filed an *amicus* brief urging the Court to grant

The purpose of immunity is to provide its recipient "immunity from *suit* rather than a mere defense to *liability*." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing this distinction in context of qualified immunity) (emphasis added); *see also Doan v. Barak*, 932 F.3d 888, 895 (9th Cir. 2019) (recognizing this distinction while rejecting appellant's expansive reading of the TVPA). Haling Mr. Beblawi into Court at this time would thus not only exceed the Court's jurisdiction, it would undermine the purpose and effect of the immunities at issue.

Second, granting Plaintiff's motion would contravene the separation-of-powers doctrine as it would deprive the Executive Branch of any meaningful opportunity to opine on Mr. Beblawi's immunity. *See Republic of Mexico v. Hoffmann*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow"); *Ex parte Republic of Peru*, 318 U.S. 578, 588–89 (1943) ("The certification and the request [of immunity] . . . must be accepted by the courts as a conclusive determination by the political arm of the Government"); *Samantar*, 560 U.S. at 310-12 (2010) (explaining the role of deference to State Department "suggestions of immunity" in the two-step procedure for assessing foreign official immunity); *Doan v. Barak*, 932 F.3d 888, 892 (9th Cir. 2019) (acknowledging district court's finding that "federal courts generally have deferred to executive branch determinations of foreign official immunity"); *Spacil v. Crowe*, 489 F.2d 614, 619 (5th Cir. 1974) ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy").

---

certiorari, anticipating lawsuits like the present, and warning of their consequences: "If left undisturbed, the decision below could open the District Court for the District of Columbia to suits challenging a variety of foreign military or policy decisions, could invite similar treatment of this Nation's officials by other states, and could seriously interfere with the Executive Branch's conduct of foreign relations." *Mutond v. Lewis*, No. 19-185 (2020), May 26, 2020 Brief Amicus Curiae of United States p. 8. In any event, here, *Mutond* is not dispositive as foreign official immunity is not the sole basis for dismissing this matter because Mr. Beblawi has diplomatic immunity.

As set forth in the Motion for Extension, counsel for Mr. Beblawi is acting judiciously to arrange for consultations among the appropriate agencies within the Egyptian and United States governments. *See* Dkt. 13. However, bureaucratic coordination takes time. Undersigned counsel for Mr. Beblawi in this action have received written confirmation from the Egyptian Ministry of Foreign Affairs that the government of Egypt will be sending a Diplomatic Note to the United States government respectfully requesting that the latter file a Suggestion of Immunity from suit. Broas Decl. ¶¶ 3-4, Ex. B  The administrative process for invoking intervention by the United States government requires additional communications with the Egyptian Embassy and its representatives. As anticipated, the Egyptian government has indicated that additional time is needed to proceed through the appropriate diplomatic channels. *Id.*  Critically, this Court should await an immunity position from the United States government in response to the request from the Egyptian government, since "[i]f the request is granted, the district court surrender[s] its jurisdiction." *Samantar,* 560 US at 311.

Third, and related, granting Plaintiff's motion would undermine international relations and the national security interests of the United States. *See Boos v. Barry*, 485 U.S. 312, 323 (1988) (diplomats "are essential to conduct the international affairs so crucial to the well-being of this Nation" and respecting diplomatic immunity "ensures that similar protections will be accorded those that we send abroad").

This concern cannot be overstated, particularly as Plaintiff's motion not only seeks disclosure of diplomatic communications: Plaintiff asks that this Court *interfere* with such communications. *See* Dkt. 12-1 at 2 (Requesting the Court compel disclosure of "communications on [Mr. Beblawi's] part that may be related to what has occurred in Egypt" and to further "prevent Defendant Beblawi from … communicating with persons in Egypt").

5

Therefore, in addition to exceeding its jurisdictional authority, the Court would be condoning a violation of Article 27 of the VCDR if it were to grant Plaintiff's motion. *See* VCDR, Art. 27(1)-(2), 23 U.S.T. 3227 ("The receiving State shall permit and protect free communication on the part of the mission" as "official correspondence of the mission shall be inviolable"); *see also* Eileen Denza, Diplomatic Law: Commentary on the Vienna Convention on Diplomatic Relations 178 (4th ed. 2019) ("Free and secret communication between a diplomatic mission and its sending government is … probably the most important of all the privileges and immunities accorded under international diplomatic law.").

For these reasons, Mr. Beblawi respectfully requests that this Court deny Plaintiff's motion, grant the pending Motion for Extension, and adopt the briefing schedule proposed therein.

Respectfully submitted,

Dated:  June 22, 2020

*/s/ Timothy M. Broas*
TIMOTHY M. BROAS (D.C. Bar #391145)
RACHEL A. BECK (D.C. Bar #1029929)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW Suite 700
Washington, DC  20004
Tel.: (202) 508-6000
Email: timothy.broas@bclplaw.com
       rachel.beck@bclplaw.com

*/s/ Robert H. Bunzel*
ROBERT H. BUNZEL (admitted *pro hac vice*)
LOUISE ANN FERNANDEZ (admitted *pro hac vice*)
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Corporation
One Embarcadero Center Suite 800
San Francisco, CA 94111
Tel: (415) 956-1900
Email: rbunzel@bzbm.com
       lfernandez@bzbm.com

*Attorneys for Hazem Abdel Azis El Beblawi*

**CERTIFICATE OF SERVICE**

It is hereby certified that on June 22, 2020, I caused the foregoing to be served upon all counsel of record by electronic delivery through the Court's ECF program.

                                          _/s/ Timothy M. Broas_
                                          TIMOTHY M. BROAS