**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MOHAMED SOLTAN, | ) | Civil Action No.: 20-cv-1437 (CKK) |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| HAZEM ABDEL AZIZ EL BEBLAWI | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**PLAINTIFF MOHAMED SOLTAN'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

Eric L. Lewis (D.C. Bar #394643)
Waleed Nassar (D.C. Bar #992659)
Jeffrey D. Robinson (D.C. Bar #376037)
Aisha E. Bembry (D.C. Bar #4889500)
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1101 New York Ave., N.W, Suite 1000
Washington, D.C. 20005
(202) 833- 8900 (voice)
(202) 466-5738 (facsimile)

Counsel for Plaintiff Mohamed Soltan

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .................................................................................................................1

RELEVANT BACKGROUND .............................................................................................2

    A.    Defendant's request for an extension of time and Plaintiff's response ...............2

    B.    Exigent circumstances are escalating and necessitate an immediate hearing ......3

LEGAL ARGUMENT ..........................................................................................................4

    A.    Granting Defendant's Motion would delay any investigation into urgent matters and prejudice the Plaintiff ........................................................................4

    B.    Defendant is not otherwise entitled to the lengthy 60-day extension being requested ........5

    C.    Plaintiff does not oppose a reasonable extension that does not permit Defendant to act to obstruct justice ........................................................................6

CONCLUSION .....................................................................................................................6

## TABLE OF AUTHORITIES

**CASE** **PAGE**

*Nikbin v. Islamic Republic of Iran*,
    471 F. Supp. 2d 53, 69 (D.D.C. 2007) .................................................................................5

**OTHER AUTHORITY**

Hazem ElBeblawy: *I met with President ElSisi right after I was elected and we discussed Egyptian relations with IFIs*." Alyoum7 (November 4, 2014) Available at: Youm7.com ............ 4

## INTRODUCTION

Plaintiff Mohamed Soltan ("Plaintiff" or "Mr. Soltan") hereby opposes Defendant Hazem Abdel Aziz El Beblawi's ("Defendant's" or "Defendant Beblawi's") Motion for Extension of Time to File Responsive Pleading (ECF #13) ("Motion").  The principal issue raised by the Motion is whether resolution of Defendant's potential claims of immunity and jurisdictional challenges should wait four or more months while Defendant interposes such claims as a basis to decline to appear before the Court at an emergency status conference to answer questions about his knowledge of or involvement in a series of disturbing and retaliatory actions taken against Plaintiff's family members in Egypt.

In his Motion, Defendant Beblawi takes the position that his assertions of "serious jurisdictional and immunity issues" are "inconsistent with Defendant participating in a status conference," (Motion at 3), but he offers no support for this claim.  The import of Defendant Beblawi's position and his request for a 60-day extension of time to file a responsive pleading is clear: if the Motion is granted and the Court accepts that the status hearing should not occur prior to the resolution of immunity issues, the result will be a substantial delay of any inquiry whatsoever into Defendant Beblawi's conduct for a period of several months or for the Court to order any remedies going forward.  In the meantime, an escalating situation may get worse.  It is for this reason alone that the Plaintiff declined to consent to an extension and why the Court should deny Defendant's Motion.

To the extent that Defendant requires additional time beyond that prescribed by the Federal Rules to respond to the Complaint, such a request should be granted only to the extent that doing so does not interfere with or delay the Court's inquiry into the intimidation of Plaintiff and his family members and Defendant's involvement.

## RELEVANT BACKGROUND

A.    Defendant's request for an extension of time and Plaintiff's response

On June 17, 2020, counsel for the Defendant requested an additional 60 days, beyond the 21 days allotted by the Federal Rules, to respond to the Complaint. *See* Declaration of Eric L. Lewis ("Lewis Decl.") at ¶2. Undersigned counsel responded by explaining that while generally inclined to provide courtesies to opposing counsel and to accommodate reasonable requests for extensions of time, the serious concern about the retaliatory and intimidating actions taken by the Egyptian government (as detailed in Plaintiff's Notice of Filing, ECF #11, and Motion for an Emergency Status Conference, ECF #12) require that the matter of Defendant Beblawi's involvement in any such misconduct must be brought before the Court as soon as possible. Lewis Decl. at ¶3. Counsel for Defendant Beblawi noted that they intended to contest jurisdiction and raise an immunity defense (only referencing Defendant Beblawi's employment status at the IMF), and stated their position that these issues must be resolved before Defendant Beblawi comes before the Court. *Id.* at ¶4. Defendant's counsel requested that Plaintiff provide a response to the request for an extension of time before the end of the day. *Id.* at 4.

Undersigned counsel communicated later that afternoon that Mr. Soltan declined to consent to any additional time specifically due to Defendant's position that he is unwilling to come to Court until the immunity and jurisdiction issues were resolved. *Id.* at 6. Under Defendant's proposed schedule, these issues would not be fully briefed until at least 131 days after service, more than four months. Counsel advised that Mr. Soltan simply could not agree to a briefing schedule that: "(i) would take us well into the autumn; (ii) would prevent Mr. Beblawi from being examined with respect to his knowledge and communications about events in Egypt until the immunity issues are resolved; and (iii) leave five of Mr. Soltan's relatives held in jail and his family in fear for their safety and security." *See* Declaration of Timothy M. Broas at Exhibit A (Letter

from Eric L. Lewis to Timothy M. Broas and Robert H. Bunzel, dated June 17, 2020 (ECF # 13-1 at Exhibit A).  Undersigned counsel explained "[g]iven these unique and troubling circumstances, we cannot agree to the scheduling order you have requested."  *Id*.

        B.      <u>Exigent circumstances are escalating and necessitate an immediate hearing</u>

As detailed in Plaintiff's memorandum in support of the motion for an emergency status conference (ECF #12_1), days after the service of the Complaint, a series of troubling events occurred in Egypt that apparently seek to intimidate Plaintiff and obstruct justice in this case.  The situation remains perilous and fluid – moving in a negative direction.  As of the date of this submission, Mr. Soltan's father has disappeared after reports of an interrogation where he was questioned concerning the lawsuit and his son, Mr. Soltan.  *See* Third Declaration of Mohamed Soltan (ECF #20_1 at  ¶4-9).  In addition, Mr. Soltan's five cousins have now been located in Egypt and charged, admittedly without underlying basis, with membership in a terrorist organization and spreading false news – the precise crimes that were baselessly levied against Mr. Soltan and for which he was sentenced to life in prison.  *Id.* at ¶10-11.  These are further obvious attempts to send a message to Plaintiff and his family that Plaintiff must drop his case before this Court.

Plaintiff has a good faith basis to believe that Defendant Beblawi, the former Egyptian Prime Minister, may be involved in communicating with the security apparatus in Egypt, which has been a causative factor in these attacks on his family.  Indeed, in his Opposition to Plaintiff's Request for a Status Conference, Defendant Beblawi does not deny that he is communicating with responsible officials in Egypt.  ECF #19 at 2-3.  Defendant Beblawi states that he works for the IMF and not the Egyptian government and therefore he "has not, and simply cannot, control events happening abroad."  ECF #13 at 5 n.4.  From the outset of his tenure at the IMF in 2014 through the present, however, Defendant Beblawi has maintained deep connections to the Egyptian regime

3

and has been frequently reported in the Egyptian media as meeting with officials at the highest level.[1]

Plaintiff cannot agree to an extension if the result of such an extension is a delay of at least four months in this Court's considering the nature and extent of Defendant Beblawi's role in or knowledge of these attacks against Plaintiff's family and responding to Plaintiff's request for relief.

## LEGAL ARGUMENT

A. <u>Granting Defendant's Motion would delay any investigation into urgent matters and prejudice the Plaintiff</u>

Defendant seeks an additional 60 days beyond what the Federal Rules provide to file a responsive pleading and a briefing schedule for his "anticipated motion to dismiss" that would extend motion practice at least into October. Motion at 5. That is a long extension under any circumstances. But here, there are unique circumstances which make such an extension particularly problematic.

As Plaintiff addresses in its Reply in Support of its Motion for Emergency Status Conference (ECF #20) ("Reply"), these multiple claims of immunity do not preclude a prompt hearing and are without legal basis. In neither this filing nor in our Reply does Plaintiff seek to litigate all the issues of immunity that Defendant Beblawi may potentially raise. It is clear, however, from a review of the bases articulated in his recent filings that he does not have immunity now and that he has raised no prima facie valid immunity defense that currently proscribes the Court's jurisdiction over him. Defendant does not have diplomatic immunity because of his position at the IMF or because of his G-1 Visa Status. *See* ECF #20 at 5-6. Defendant also does

---

[1] *See, e.g.,* "Hazem ElBeblawy: *I met with President ElSisi right after I was elected and we discussed Egyptian relations with IFIs*." Alyoum7 (November 4, 2014), Available at: Youm7.com. (Title translated from original Arabic).

not have foreign official immunity for acts that are actionable under the TVPA. *See Id.* at 7-8. But for purposes of this pleading, it is sufficient to note that Defendant's position would permit the long extension requested to have the effect of preventing scrutiny of Defendant's possible role in fomenting extortionate conduct in Egypt to pressure Plaintiff to drop this case and preventing orders precluding Defendant from taking further action.

Defendant cannot have it both ways. He cannot refuse to come to Court to answer questions and provide information allowing this Court to exercise its inherent authority to prevent contempt or obstruction and at the same time seek a multiple month hiatus leaving these issues unaddressed. In effect, Defendant seeks a lengthy extension to try to build a factual and legal predicate for various kinds of immunity and, in the meantime, to allow obstructionist conduct to remain unaddressed. If Defendant has a good case for immunity, he should bring it within the time provided by the Federal Rules.

B.  Defendant is not otherwise entitled to the lengthy 60-day extension being requested

Defendant further argues that he is entitled to a 60-day extension to respond to the Complaint under 28 U.S.C § 1608(d). Motion at 4. This statutory provision does not apply to this case. The statute provides "a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state" with sixty days to serve an answer or file a responsive pleading. 28 U.S.C. § 1608(d). Notably, this enumerated list does not include former officials of a foreign state who were sued in their personal capacity.[2] Defendant cites two cases both of which are inapposite as both involved motions for extensions granted either with consent or with no

---

[2] This court has previously held that other provisions of 28 U.S.C § 1608 related to service do not apply to former foreign state officials now sued in their personal capacity. *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 69 (D.D.C. 2007) ("The FSIA provisions for service of process do not apply to claims brought against defendants in their personal capacity.")

5

opposition. In neither case was the motion granted with a backdrop of threats to Plaintiff's family explicitly premised on Plaintiff's continued maintenance of this case. *See Lewis v. Mutond*, No. 16-1547 (D.D.C.) (Dkt.#12); *see also Ben-Haim v. Avraham*, No. 15-6669 (D.N.J.) (Dkt. #13).

C. <u>Plaintiff does not oppose a reasonable extension that does not permit Defendant to obstruct justice</u>

Plaintiff would not be opposed to a reasonable amount of additional time provided that any additional time will not delay an investigation into Plaintiff's grave concerns that Defendant Beblawi's may be involved in attempts at intimidation and obstruction of justice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion.

DATED:       June 23, 2020                    Respectfully submitted,

                                              /s/ Eric L. Lewis_____
                                              Eric L. Lewis (D.C. Bar #394643)
                                              Waleed Nassar (D.C. Bar #992659)
                                              Jeffrey D. Robinson (D.C. Bar #376037)
                                              Aisha E. Bembry (D.C. Bar #4889500)
                                              LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
                                              1101 New York Ave., N.W, Suite 1000
                                              Washington, D.C. 20005
                                              (202) 833- 8900 (voice)
                                              (202) 466-5738 (facsimile)

                                              Counsel for Plaintiff Mohamed Soltan