UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED SOLTAN,<br>    Plaintiff<br>v.<br>HAZEM ABDEL AZIZ EL BEBLAWI,<br>    Defendant | Civil Action No. 20-1437 (CKK) |

**ORDER**
(June 25, 2020)

    The Court is in receipt of Plaintiff's [12] Motion for an Emergency Status Conference. In the Motion, Plaintiff asks the Court to set a status conference to inquire about the knowledge and potential involvement of Defendant Hazem Abdel Aziz El Beblawi in alleged events involving the questioning and harassment of Plaintiff's family members by Egyptian officials in Egypt. These events are alleged to have occurred after the service of the Summons and Complaint on Defendant Beblawi. In the Motion, Plaintiff explains that he intends to use the status conference to ask the Court to take actions including, but not limited to, holding Defendant Beblawi in contempt and issuing injunctive relief preventing Defendant Beblawi from taking future actions or communicating with those in Egypt in ways which will have the effect of subverting justice in this case. The Court finds that such relief is not appropriate at this time. Plaintiff's [12] Motion is DENIED WITHOUT PREJUDICE.

    Under the Torture Victim Protection Act, Plaintiff argues that he was wounded, imprisoned, tortured, and almost killed by Egyptian officials for political reasons. Compl., ECF No. 1, ¶ 1. Plaintiff brings this lawsuit only as against Defendant Beblawi. However, in his Complaint, he names multiple other "un-sued" Defendants, including Abdel Fattah el-Sisi, the President of Egypt. *Id*. at ¶ 15.

    In responding to Plaintiff's Motion, Defendant Beblawi states that he intends to assert diplomatic and foreign official immunity. ECF No. 19, 3. And, Defendant has now filed a Motion to Dismiss based on immunity and other jurisdictional grounds. ECF No. 25. Before the Court issues any Orders pertaining to Defendant Beblawi's conduct, the Court must ascertain its own jurisdiction. However, briefing on these immunity issues has not yet completed and will take some time.

    Moreover, Plaintiff fails to make any allegations supported by evidence that there is a nexus between Defendant Beblawi and the alleged actions of Egyptian officials in Egypt. The most Plaintiff alleges is the closeness in time between service of the Complaint and

the events in Egypt. However, this inference of causation is insufficient. In his Complaint, Plaintiff also makes allegations against other prominent Egyptian officials, including President el-Sisi. Moreover, Plaintiff's lawsuit has received international press attention, and it appears that Plaintiff and his counsel have made public statements about the lawsuit. *See, e.g.*, *US Citizen Sues Ex-Egypt Prime Minister over Arrest and Torture*, Al Jazeera, June 2, 2020, at https://www.aljazeera.com/news/2020/06/citizen-sues-egypt-prime-minister-arrest-torture-200602082154445.html (last visited June 24, 2020); Ruth Michaelson, *US Activist Sues Former Egyptian Prime Minister Over Arrest and Torture*, The Guardian, June 1, 2020, at https://www.theguardian.com/world/2020/jun/01/us-activist-sues-torture-egypt-mohamed-soltan-hazem-abdel-aziz-el-beblawi (last visited June 25, 2020); *Egypt's Ex-PM Faces Torture Allegation in American's Lawsuit, Voice of America*, June 2, 2020, at https://www.voanews.com/usa/egypts-ex-pm-faces-torture-allegation-americans-lawsuit (last visited June 25, 2020). Given Plaintiff's allegations against numerous Egyptian officials, as well as the public nature of his lawsuit, Plaintiff has presented no evidence sufficient to create an inference that Defendant Beblawi was involved in the alleged events.

   For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's [12] Motion for an Emergency Status Conference.

   **SO ORDERED.**

                     /s/
                     COLLEEN KOLLAR-KOTELLY
                     United States District Judge