IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED SOLTAN,<br><br>    Plaintiff,<br><br>v.<br><br>HAZEM ABDEL AZIS EL BEBLAWI,<br><br>    Defendant. | Civil Action No.: 20-cv-01437 (CKK) |

### DECLARATION OF TIMOTHY M. BROAS

I, TIMOTHY M. BROAS, pursuant to 28 U.S.C. §1746, hereby declare and state:

1. I am licensed to practice before this Court. My firm Bryan Cave Leighton Paisner, LLP and I represent the Defendant Hazem Abdel Aziz El Beblawi ("Mr. Beblawi" OR "Mr. Elbeblawi") in this matter. The facts in this declaration are true based on personal knowledge.

2. Counsel for Mr. Beblawi recently received a copy of the attached Diplomatic Note No. 20-959 from the U.S. Department of State, acknowledging receipt of Diplomatic Notes No. 0078-2020, No. 0077-2020, and No. 0068-2020, from the Embassy of the Arab Republic of Egypt, and enclosing the formal "Certification of Mr. Elbeblawi's Immunity". *See* Ex. A.

3. As set forth therein, the Certification of Mr. Elbeblawi's Immunity confirms that Mr. Elbeblawi, as the Principal Resident Representative of the Arab Republic of Egypt to the IMF, is entitled to full immunity from criminal, civil and administrative jurisdiction in the United States, pursuant to and under Article 31 of the Vienna Convention on Diplomatic Relations. *See* Ex. A.

4. Specifically, the Certification of Mr. Elbeblawi's Immunity states that, "[t]he official records of the Department of State, Office of Foreign Missions, indicate that Mr. Hazem Abdelaziz Mohamed ELBEBLAWI, born October 17, 1936, is notified to the Department as assuming his duties as the Principal Resident Representative of the Arab Republic of Egypt to the International Monetary Fund, effective November 2, 2014, and that he continues to serve in such capacity." Ex. A.

5.      The Certification of Mr. Elbeblawi's Immunity further provides that, "[p]ursuant to Article V, Section 15(4) of the Agreement Between the United Nations and the United States Regarding the Headquarters of the United Nations (61 Stat. 3416, TIAS 1676, 11 UNTS 11; entered into force November 21, 1947**), principal resident representatives of members of a specialized agency are entitled to the same privileges and immunities as are accorded to diplomatic envoys accredited to the United States.** Per Article 1 of the Agreement between the United Nations and the International Monetary Fund (16 UNTS 325; entered into force November 15, 1947), the International Monetary Fund is such a specialized agency. In the United States, the privileges and immunities of diplomatic envoys (now called "diplomatic agents") are those provided under the Vienna Convention on Diplomatic Relation (VCDR) (23 UST 3227, TIAS 7502, 500 UNTS 95; entered into force for the United States December 13, 1972)." Ex. A (emphasis added).

6.      The Certification of Mr. Elbeblawi's Immunity goes on to set forth the text of Article 31, as follows: "Article 31 of the Vienna Convention on Diplomatic Relations provides the following, in relevant part: *(1) A diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State.* ***He shall also enjoy immunity from its civil and administrative jurisdiction*** *except in the case of (a) a real action relating to private immovable property situated in the territory of the receiving State, unless he holds it on behalf of the sending State for the purposes of the mission; (b) an action relating to succession in which the diplomatic agent is involved as executor, administrator, heir or legatee as a private person and not on behalf of the sending State;(c) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions.*" Ex. A (emphasis added and italics original).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 17, 2020

*[signature]*

_____

Timothy M. Broas