UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED SOLTAN,

    Plaintiff

v.

HAZEM ABDEL AZIZ EL BEBLAWI,

    Defendant

Civil Action No. 20-1437 (CKK)

**ORDER**
(December 19, 2020)

On July 17, 2020, Defendant filed [32] Declaration of Timothy M. Broas, attaching to it a "certification" of Defendant's "immunity." The certification, appearing on U.S. State Department letterhead under cover of Diplomatic Note 20-959, states that the "official records of the Department of State, Office of Foreign Missions . . . indicate that [Defendant] is notified to the Department as assuming his duties as the Principal Resident Representative of the Arab Republic of Egypt to the International Monetary Fund, effective November 2, 2014, and that he continues to serve in such capacity." The certification relies on Article V, Section 15(4) of the Agreement Between the United Nations and the United States Regarding the Headquarters of the United Nations, 61 Stat. 3416, TIAS 1767, 11 UNTS 11 ("UN Headquarters Agreement"), as the basis for Defendant's immunity.

Plaintiff subsequently filed a [33] Motion for Administrative Stay of Proceedings for the Court to Assess the Status of Defendant Beblawi's Claim of Diplomatic Immunity, arguing that Section 15(4) of the UN Headquarters Agreements requires a "tripartite agreement" as to Defendant's "principal resident representative" status and immunity among the United States, Egypt, and the IMF. *See* Pl.'s Mot. at 1, ECF No. 33. Defendant opposes Plaintiff's motion,

1

arguing that the "plain language" of Section 15(4) directs that a "principal resident representative of a specialized agency" is entitled to immunity. See Def.'s Opp'n at 12-13, ECF No. 37.

Based on the parties' pleadings and its own review of the relevant caselaw, the Court has concluded that it will be the first court to interpret whether Section 15(4) requires a "principal resident representative" of a specialized agency of the United Nations to demonstrate the agency's (in the case, the IMF's) consent to principal resident representative status and diplomatic immunity. Section 15(4) accords "the same privileges and immunities" that the United States "accords to diplomatic envoys accredited to it" to

> [S]uch other principal resident representatives of members to a specialized agency and such resident members of the staffs of representatives to a specialized agency as may be agreed upon between the principal executive officer of the specialized agency, the Government of the United States and the Government of the Member concerned.

UN Headquarters Agreement, art. V, § 15(4).

The Court finds that it would be helpful to obtain the views of the United States, pursuant to 28 U.S.C. § 517, prior to determining whether Defendant is immune from suit due to his diplomatic status. Specifically, it would be helpful to know the United States' position on the following questions:

    a. Does the State Department's certification of Defendant's immunity rely on the IMF's agreement to Defendant's status; and if so, would the State Department produce to the Court documentation of the IMF's agreement; *or*

    b. If the State Department's certification is not based on the IMF's agreement to Defendant's status, would the State Department be able to consult with the IMF and obtain such documentation—without the State Department needing to express a legal position on whether such agreement is required pursuant to the UN Headquarters Agreement; *or*

    c. If it is the State Department's position that the UN Headquarters Agreement does not require the IMF's agreement to Defendant's status as "principal resident

representative" or immunity, what is the State Department's legal analysis for such conclusion.

Accordingly, it is hereby:

ORDERED that in accordance with 28 U.S.C. § 517, the United States is invited to provide its views on the issues discussed above; it is further

ORDERED that if the United States elects to produce documentation of its consultation with the IMF regarding the IMF's agreement to Defendant's status, then it shall produce such documentation to the Court by no later than JANUARY 22, 2021; it is further

ORDERED that if the United States instead elects to file a brief stating its legal views on Issue (c) listed above, then it shall file notice of its intent to do so by no later than JANUARY 22, 2021 and shall file such brief by no later than FEBRUARY 26, 2021; and it is further

ORDERED that the clerk shall mail one copy of this ORDER to Marik String, Acting Legal Adviser of the U.S. Department of State, 2201 C Street N.W., Washington, D.C. 20520.

**SO ORDERED.**

        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge